UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
==========================================

JOHN T. WILLET,

                        Plaintiff,

-v-

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
JOHN CIRULLI, Individually and in his former
Official Capacity; P.O. NICHOLAS MILITELLO,
LT. JEFFREY RINALDO
and JOHN/JANE DOE OFFICERS,
                        Defendants.
==========================================

**15   CV   330-A**

**COMPLAINT**

Civil Action.: _____



Plaintiff, through his attorney PHILLIP DABNEY, JR., ESQ. as and for a complaint against the above defendants, alleges as follows:

## THE PARTIES

1.     That at all relevant times stated herein, Plaintiff, WILLET, was and is a resident of the County of Erie, State of New York.

2.     That upon information and belief, at all relevant times stated herein, Defendant CITY OF BUFFALO was a municipal corporation organized and existing under the laws of the State of New York, with principal offices at 65 Niagara Square, City of Buffalo, County of Erie, State of New York.

3.     That at all relevant times stated herein, Defendant BUFFALO POLICE DEPARTMENT is a department within Defendant, CITY OF BUFFALO, with principal offices at 74 Franklin St, City of Buffalo, County of Erie, State of New York 14202.

4.     That upon information and belief, at all relevant times stated herein, Defendant, JOHN CIRULLI (hereinafter "CIRULLI") was and is a resident of the County of Erie, State of New York. He was also, at all relevant times stated herein, an employee of the Defendant, BUFFALO POLICE DEPARTMENT who effectuated and was present during the arrest of Plaintiff WILLET, on or about April 19, 2014 at Ontario St. and Philadelphia Ave. in the City of Buffalo, New York., Buffalo, New York 14215. He has since been terminated by Buffalo Police Department.

5.      That upon information and belief, at all relevant times to the allegations stated herein, Defendants, P.O. NICHOLAS MILITELLO (hereinafter "P.O. MILITELLO"), POLICE LIEUTENANT JEFFREY RINALDO (hereinafter "LT. RINALDO") and JOHN/JANE DOES officers are and were at all times during this action, police officers employed by Defendant, the CITY OF BUFFALO POLICE DEPARTMENT, which is located at 74 Franklin St, Buffalo, NY 14202.

6.      Upon information and belief, the claim herein arose in the following manner:  that Defendants, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT and officers of Buffalo Police including CIRULLI (as former police officer), P.O. MILITELLO and LT. RINALDO and their agents, servants or employees did use excessive force in arresting Plaintiff, WILLET.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this lawsuit pursuant to Title 42, United States Code § 1983 on the ground that these Defendants have deprived the Plaintiffs of their guaranteed rights under the Constitution of the United States.

8.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) on the grounds that Plaintiffs and Defendants reside and/or have places of business and all of the events giving rise to the Plaintiffs claims occurred in the Western District of New York.

**JURY DEMAND**

9.      Plaintiff hereby demands a trial by jury.

**NOTICE OF CLAIM**

10.      Plaintiffs, in furtherance of their state causes of action, filed timely notice of claim against the City in compliance with General Municipal Law Section 50.

11.      More than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

12.      By stipulation, the City has agreed to dispense with the need to hold a 50-h examination of plaintiffs in advance of commencing this lawsuit.

13.      This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## FACTS COMMON TO ALL CLAIMS

14.    The occurrence of the incident resulting in the claim herein arose on April 19, 2014 at approximately 11:40 p.m., on a sidewalk at Ontario St. and Philadelphia Ave. in the City of Buffalo, New York.

15.    That defendant, Buffalo police officers secured Plaintiff, WILLET after effectuating his arrest, upon his surrender.

16.    That Plaintiff, WILLET was arrested, being placed in handcuffs behind his back as he was placed on the ground on his abdomen and face.

17.    Plaintiff, WILLET complained to Defendant, CIRULLI about being slapped punched and kicked, pleading for Defendant, CIRULLI to stop hitting him.

18.    Plaintiff, WILLET complained to Defendant, P.O. MILITELLO of being slapped punched and kicked by Defendant, CIRULLI.

19.    Plaintiff, WILLET screamed aloud seeking help, complaining of CIRULLI slapping, punching and kicking him about his body.

20.    Plaintiff, WILLET complained to Defendant, LT. RINALDO about being slapped punched and kicked, pleading for Defendant, CIRULLI to stop hitting him.

21.    That LT. RINALDO searched Plaintiff, WILLET's pant pockets, as Plaintiff, WILLET remained handcuffed on the ground on his abdomen and face, flipping him over, ripping his pant pockets and threatening him with more hits.

22.    That Plaintiff, WILLET was escorted and placed in the backseat driver side of a patrol car of two other officers ( Defendants, JOHN AND JANE DOE Buffalo police officers) attending the scene.

23.    That while standing at the opened back driver's door of the patrol car, Defendant, CIRULLI punched Plaintiff, WILLET on the left side of his face twice while he sat in the car.

24.    That said punches were in the presence of Defendants, JOHN AND JANE DOE Buffalo police officers who were seated in the driver's and front passenger's seat of the same patrol car, respectively.

25.    That at all times relevant herein, the conduct of all named Defendants was subject to the Civil Rights Act 42 USC § 1983.

26.    That Plaintiff WILLET suffered physical injuries to his head, neck and lower left side of his abdomen at the hands of Defendant, CIRULLI and as a result of the actions of

Defendant, police officers of BUFFALO POLICE DEPARTMENT.

27.    As a result, of the foregoing, Plaintiff, WILLET's right to be secured from unreasonable seizure of his person by the Fourth and Fourteenth Amendments of the United States Constitution, as well as Art I § 12 of the New York State Constitution was violated.

28.    That these events were captured on video (with audio support) by an eyewitness, as well as by a City of Buffalo surveillance camera.  The eyewitness footage was thereafter published on the internet, for public consumption.

29.    That Defendant, CIRULLI was terminated from the employment of Defendant, BUFFALO POLICE DEPARTMENT, and thereafter prosecuted criminally in federal court of the Western District of New York, where he pled guilty to two (2) misdemeanors which, upon information and belief, included the assault of Plaintiff, WILLET while he was handcuffed on the ground and the assault of Plaintiff, WILLET while he was seated in the patrol car.

30.    That on April 19, 2014 Defendants, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, LT. MILITELLO and other officers of Buffalo Police, their agents, servants or employees did carelessly and negligently injure Plaintiff without cause, hit and kick him, causing physical injury.

31.    That upon information and belief, at all relevant times stated herein, Defendant, P.O. MILITELLO was and is a resident of the County of Erie, State of New York, and was and is an employee of the Defendant, BUFFALO POLICE DEPARTMENT who was present during the arrest of Plaintiff, WILLET on or about April 19, 2014 at Ontario St. and Philadelphia Ave. in the City of Buffalo, New York.

32.    That upon information and belief, at all relevant times stated herein, Defendant, LT. RINALDO was and is a resident of the County of Erie, State of New York, and was and is an employee of the Defendant, BUFFALO POLICE DEPARTMENT who effectuate was present during the arrest of Plaintiff, WILLET on or about April 19, 2014 at Ontario St. and Philadelphia Ave. in the City of Buffalo, New York.

33.    That at all times relevant herein duly appointed and acting officers, servants, employees and agents of Defendant, BUFFALO POLICE DEPARTMENT, a municipal agency of Defendant, CITY OF BUFFALO.  At all times relevant herein, the individual defendants were acting under the color of the laws, statutes, ordinances, regulations, policies, customs and or usages of the State of New York and Buffalo Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant, CITY OF

4

BUFFALO were acting for, and on behalf of, and with the power and authority vested in them by the Defendant, CITY OF BUFFALO and Defendant, BUFFALO POLICE DEPARTMENT and were otherwise performing and engaging in conduct incident to the performance of their lawful function in the course of their duties. There are sued individually and in their official capacity.

34.     By the conduct, acts and omissions complained of herein, Defendants, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, CIRULLI, P.O. MILITELLO, LT. RINALDO and JOHN AND JANE DOE Buffalo police officers violated clearly established constitutional standards under Fourth Amendment to the United States Constitution and Art 1 under the New York State Constitution of which a reasonable police officer under the circumstances would have known.

35.     That at all relevant times stated herein, Plaintiff, WILLET served on Defendants, CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT, through his duly authorized agents, a verified written Notice of Claim, pursuant to Section 50-e of the General Municipal Law of the State of New York on June 17, 2014, setting forth the time, place, nature and manner in which the claim arose.  As such, this action commenced within one year and ninety days after the date of the incident.


## FIRST CAUSE OF ACTION

36.     That the Plaintiff, WILLET, repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "28", all inclusive of this Complaint, with the same force and effect as though the same were more fully set forth herein.

37.     That the conduct and actions of Defendants, CIRULLI, P.O.  MILITELLO and LT. RINALDO acting in concert and under the color of law, in authorizing, directing and or causing Plaintiff to be kicked, slapped and punched into the face and body of Plaintiff was excessive and unreasonable was done intentionally, willfully maliciously with a deliberate indifference and or with reckless disregard for the regard for the natural and probable consequences of their acts, was done without lawful justification or reason and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's right, as guaranteed under 42 USC s 1983, the Fourth and Fourteenth Amendments to United States Constitution, including the right to be free from an unreasonable and unjustifiable force.

38.     That under color of law, Defendants deprived Plaintiff of his constitutional right to be free from excessive and unreasonable force.

39.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain humiliation, was deprived of his liberty and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION

40.     That the Plaintiff, WILLET, repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "39", all inclusive of this Complaint, with the same force and effect as though the same were more fully set forth herein.

41.     The conduct of Defendant, CIRULLI and Defendant, P.O. MILITELLO were intentional as battery, assault against Plaintiff, WILLET in inflicting unreasonable force and harm without justification by the improper, impermissible and unprofessional use of authority to execute the detention and arrest of Plaintiff, WILLET.

42.     Defendant, P.O. MILITELLO intentionally subjected Plaintiff, WILLET to offensive bodily contact by unreasonable seizure, assault and battery of Defendant, CIRULLI slapping, punching and kicking Plaintiff about the head and body while Plaintiff was detained on the ground.

43.     The conduct of Defendant, CIRULLI was intentional as battery, assault and harassment against Plaintiff, WILLET in inflicting unreasonable force and harm without justification by the improper, impermissible and unprofessional use of authority to execute the detention and arrest of Plaintiff, WILLET.

    a.     Doing so by slapping, punching and kicking Plaintiff while he laid on his stomach, handcuffed behind him; and

    b.     Also doing so by punching Plaintiff while he was detained, handcuffed and seated in a police patrol car.

44.     That by reason of the wrongful and unlawful actions of the Defendant, CIRULLI, Plaintiff WILLET suffered pain and injuries, including without limitation, blunt force trauma, bruises, contusions and/or abrasions.

45.     The Defendants, CIRULLI and P.O. MILLITELLO, acting as agents and on behalf of Defendants, CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT within

the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff, WILLET.

46.    That the conduct of said Defendants, as set forth herein constitutes outrageous conduct done for an evil motive, warranting the imposition of punitive damages.

## THIRD CAUSE OF ACTION

47.    That the Plaintiff, WILLET, repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "36", all inclusive of this Complaint, with the same force and effect as though the same were more fully set forth herein.

48.    That Defendants, CIRULLI, P.O.  MILITELLO and LT. RINALDO's conduct placed Plaintiff, WILLET in apprehension of imminent harmful and offensive contact.

49.    That as a result, in this instance as in other instances, CIRULLI, P.O. MILITELLO and LT. RINALDO's conduct had culminated to harassment against the Plaintiff, by the improper and unprofessional use of his authority to execute such conduct against Plaintiff.

## FOURTH CAUSE OF ACTION:

## 42 U.S.C. § 1983 SUPERVISORY LIABILITY

50.    That the Plaintiff, WILLET, repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "49", all inclusive of this Complaint, with the same force and effect as though the same were more fully set forth herein.

51.    By their conduct and under color of state law, it is believed defendants P.O. MILITELLO, LT. RINALDO and JOHN/ JANE  DOE police officers each had opportunities to intercede on behalf of Plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

52.    Defendants P.O. MILITELLO and LT. JEFFREY RINALDO  officers were in the immediate vicinity of Plaintiff when CIRULLI battered and assaulted Plaintiff about his face and body, and JOHN JANE DOES POLICERS OFFICERS were aware the Plaintiff had been battered and assaulted at close and were aware the Plaintiff suffered physical pain, as a result of CIRULLI's use of excessive and unnecessary force, but took no action to provide or request medical care for Plaintiff, disregarding the obvious risk to Plaintiff's health.

53.     As a direct and proximate result, Plaintiff suffered the injuries and damages described above.

## FIFTH CAUSE OF ACTION

54.     That the Plaintiff, WILLET, repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "53", all inclusive of this Complaint, with the same force and effect as though the same were more fully set forth herein.

55.     That on or about April 19, 2014, Plaintiff was beaten about his face and body while handcuffed behind his back as he laid on the ground upon his abdomen, and then again twice in the face while he sat handcuffed inside a City of Buffalo police vehicle. Plaintiff was in great pain from injuries to his body and never being given treatment for his medical injuries during his custody by Defendant, BUFFALO POLICE DEPARTMENT.

56.     That the said Defendants, with deliberate indifference to Plaintiff's medical needs, failed and refused to provide or seek any medical treatment for Plaintiff.

57.     By their conduct and under color of law, Defendants, CIRULLI, P.O. MILITELLO, LT. RINALDO and JOHN/ JANE DOE police officers acted with malicious or at least deliberate indifference in failing to protect Plaintiff from violence while in police custody and in failing to secure the medical attention required for his serious injuries, in a manner that deprived him of his constitutional rights and perpetuated and exacerbated his physical and mental pain and suffering.

58.     By their conduct and under color of law, Defendants, CIRULLI, P.O. MILITELLO, and LT. RINALDO and JOHN/JANE DOE POLICE OFFICERS acted with malicious or at least deliberate indifference and or with a reckless disregard of Plaintiff's serious medical needs and was designed to and did cause specific and physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights, as guaranteed under 42 USC § 1983 and Fourteenth Amendment to the US Constitution.

## SIXTH CAUSE OF ACTION

59.     That the Plaintiff, WILLET, repeats, reiterates and realleges each and

every allegation contained and set forth in paragraphs marked and numbered "1" through "58", all inclusive of this Complaint, with the same force and effect as though the same were more fully set forth herein.

60.     That at all times relevant to the incidents herein, Defendants, CIRULLI and P.O. MILITELLO, LT. RINALDO and JOHN/JANE DOE as police officers of the Buffalo Police Department were acting under the direction and control of Defendants, BUFFALO POLICE DEPARTMENT and the CITY OF BUFFALO.

61.     Acting under the color of law and pursuant to official policy or custom, Defendants, BUFFALO POLICE DEPARTMENT and the CITY OF BUFFALO knowingly, recklessly, or with gross negligence, failed to instruct, supervise, control and discipline on a continuing basis CIRULLI and P.O. MILITELLO in their duties, as well as JOHN /JANE DOE POLICE OFFICERS to refrain from:

   a. unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities,

   b. conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of New York State; and,

   c. otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

62.     Defendants, BUFFALO POLICE DEPARTMENT and the CITY OF BUFFALO had knowledge or, had they diligently exercised those duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs were about to committed.

63.     Defendants, BUFFALO POLICE DEPARTMENT and the CITY OF BUFFALO had the power to prevent or aid in preventing the commission of said wrongs and knowingly, recklessly, or with gross negligence, failed or refused to do so.

64.     Defendants, BUFFALO POLICE DEPARTMENT and the CITY OF BUFFALO, directly or indirectly, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendant, CIRULLI.

65.     As a direct and proximate cause of the negligent and intentional acts of Defendants, BUFFALO POLICE DEPARTMENT and the CITY OF BUFFALO, Plaintiff, WILLET suffered physical injury, loss and extreme mental anguish in connection with the

deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws of New York State.

## SEVENTH CAUSE OF ACTION:

### PENDENT CLAIMS OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

66.     That the Plaintiff, WILLET, repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "65", all inclusive of this Complaint, with the same force and effect as though the same were more fully set forth herein.

67.     Plaintiff, WILLET screamed and cried aloud to CIRULLI and P.O.  MILITELLO, pleading for Defendant, CIRULLI to stop slapping, punching and kicking him; Defendant, CIRULLI continued, while P.O. MILITELLO watched with complicity.

68.     Plaintiff, WILLET even complained to Defendant, LT. RINALDO about being slapped punched and kicked, only to be threatened and physically handled by Defendant, LT. RINALDO in respond.

69.     That Defendant, LT. RINALDO searched Plaintiff, WILLET's pant pockets, as Plaintiff, WILLET remained handcuffed on the ground on his abdomen and face, ripping WILLET's pant pockets and threatening him with more hits, if non-complaint.

70.     That the aforesaid conduct was done with the intention of causing Plaintiff severe emotional distress.

71.     Plaintiff, WILLET was greatly injured both emotionally and mentally by use of excessive force of Defendants' BUFFALO POLICE DEPARTMENT officers' conduct of battery, assault and harassment against the Plaintiff to intimidate and inflict harm, without justification by their improper, impermissible and unprofessional use of authority over Plaintiff.

72.     That by reason of the foregoing actions of Defendants, Plaintiff, WILLET has been caused to become sick, sore and swollen but also emotionally anxious and distressed by the presence of law enforcement being disabled from attending or resuming his usual duties and occupation as a customer servicer/collections agent, and was compelled to seek medical care and attention in an effort to heal his said physical and emotional injuries.  He was greatly injured both emotionally and mentally, being subject to humiliation, embarrassment and fright, causing anxiety and depression.

## EIGHTH CAUSE OF ACTION:

### PENDENT CLAIM - RESPONDEAT SUPERIOR

73.     That the Plaintiff repeats, reiterates and realleges each and every allegation contained and set forth in paragraphs marked and numbered "1" through "72", all inclusive of this Complaint, with the same force and effect as though the same were more fully set forth herein.

74.     At all relevant times stated herein, Defendant CITY OF BUFFALO operated, maintained, managed, supervised and controlled Defendant, BUFFALO POLICE DEPARTMENT as part of and in conjunction with its municipal functions.

75.     At all relevant times stated herein, Defendant BUFFALO POLICE DEPARTMENT managed, controlled and supervised its employees and officers of the police department.

76.     At all relevant times stated herein, Defendants LT. RINALDO, CIRULLI and MILITELLO and JOHN /JANE DOE POLICE OFFICERS were supervised employees and officers of Defendant, BUFFALO POLICE DEPARTMENT.

77.     At all relevant times stated herein, upon information and belief, Defendants CIRULLI and MILITELLO and unnamed Buffalo police officers at the scene on or about April 19, 2014 were graduates of the Buffalo police academy before being hired by the Defendant, BUFFALO POLICE DEPARTMENT of Defendant, CITY OF BUFFALO.

78.     At all relevant times stated herein, Defendant CITY OF BUFFALO had the duty to screen and investigate the backgrounds of the police officers they hire.

79.     At all relevant times stated herein, Defendant CITY OFBUFFALO had a duty to competently and sufficiently train officers they hire and retain, both at its police academy and afterward to conform its conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict to citizens such as Plaintiff herein.

80.     At all relevant times stated herein, Defendant CITY OF BUFFALO had a duty to competently and sufficiently train at the command, precinct and patrol levels its officers, including Defendants CIRULLI and MILITELLO in the protection of the rights of citizens, including Plaintiff, under the United States Constitution.

81.     That Defendant, LT. RINALDO was present at the scene in question on April 19, 2014 as the Buffalo Police supervising officer and lieutenant of all attending officers at the scene.

11

82.     That Defendants, LT. RINALDO and BUFFALO POLICE DEPARTMENT were negligent in his/their supervision of the attending Defendants CIRULLI,  P.O. MILITELLO and JOHN /JANE DOE POLICE OFFICERS  on or about April 19, 2014 in that he/they:

   a.   permitted said officers, their agents, servants and employees to use excessive force in making the arrest of Plaintiff, WILLET;

   b.   failed to discipline officers who used excessive force in securing and detaining, Plaintiff WILLET;

   c.   tolerated the criminal and malicious behavior of defendant officer(s) who failed to follow proper procedure and care in securing Plaintiff, WILLET; and,

   d.   failed to enforce proper use of force criteria or guidelines.

83.     Defendants, CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT were negligent hiring of the aforesaid agents, servants and/or employees in that they knew, or in the exercise of reasonable care should be known, that said agents, servants and/or employees of Defendant, CITY OF BUFFALO did not possess the temperament and psychological makeup to effect arrests and detain arrestees without the use of excessive force and arbitrary punishment, and to otherwise properly carry out their duties as responsible and law abiding police officers.

84.     Defendant, CITY OF BUFFALO was negligent in the training of the aforesaid agents, servants and/or employees in that they failed to train Defendants on proper use of force, proper detention techniques and in the rights of Willet under the United States Constitution in general.

85.     That Defendant, CITY OF BUFFALO was negligent in its supervision of the aforesaid agents, servants and/or employees in that it permitted said agents, servants and employees to use excessive force making arrests; failed to discipline officers who used excessive force in making arrests, tolerated the behavior of officers who retaliated against suspects who are claiming innocence; and failed to enforce proper use of force criteria or guidelines.

86.     That by reason of the foregoing, the Plaintiff have been caused to become sick, sore lame and disabled and were prevented from attending to his usual duties and occupations and were compelled to secure medical and attention in an effort to heal his said injuries, all to his damage in a sum exceeding the jurisdictional limits of all lower courts.

87.     Defendants, CITY OF BUFFALO and BUFFALO POLICE DEPARTMENT have been grossly negligent and negligent in the supervision, training, and monitoring of their representatives who consult with and counsel police officers who are suspected of crimes and

12

misconduct, and police officers who are witnesses to crimes and misconduct by their fellow officers.

88.     By virtue of the unique public safety considerations implicated by police violence, its pivotal role in the official investigation of police misconduct, the CITY OF BUFFALO has a duty to make sure their employees and their agents who are also police officers, do not obviate their duties as police officers in reporting crimes and misconduct by fellow officers.

89.     Defendant, BUFFALO POLICE DEPARTMENT has been grossly negligent and negligent in the instruction and training they provide to their police officers with respect to their responsibilities to report crimes or misconduct by other police officers.  Defendant, BUFFALO POLICE DEPARTMENT has been on notice their continued responsibility in instructing and training in reporting crimes or misconduct by other police officers.

90.     Defendant, BUFFALO POLICE DEPARTMENT knew or should have known that their policies and practices have contributed to improper concealment of admissions by police officers and a "code of silence" being followed by police officers, to conceal crimes and misconduct by fellow officers.

91.     Defendant, BUFFALO POLICE DEPARTMENT knew or should have known that their policies and practices, as well as their grossly negligent and negligent supervision and training of officers, create an atmosphere where the most violent police officers felt assured that their most brazen acts of misconduct would not be swiftly and effectively investigated and prosecuted.

92.     The mistreatment and abuse of Plaintiff previously set forth, and the subsequent failed disclosure of those events under governed policy, were reasonably foreseeable results of the Defendants, BUFFALO POLICE DEPARTMENT, CITY OF BUFFALO, LT. RINALDO, CIRULLI, P.O. MILITELLO, and JOHN/JANE DOE's negligent conduct.

**WHEREFORE**, the Plaintiff, JOHN T. WILLET, demands judgment against the Defendants, jointly and severally, as follows

        a)     on the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000); and/or

b)       on the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages in the amount of FIFTY THOUSAND DOLLARS ($50,000); and/or

c)       on the Third Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages in the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000); and or

d)       on the Fourth Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages in the amount of FIFTY THOUSAND DOLLARS ($50,000); and/or

f)       on the Fifth  Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000); and/or

g)       on the Sixth Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000); and/or

h)       on the Seventh Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000); and/or

i)       on the Eighth Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts, plus punitive damages in the amount of FIVE THOUSAND DOLLARS ($500,000); and/or

j)       together with the costs, disbursements, and statutory attorney's, pursuant to 42 U.S.C. §1988 of this action and for such other relief as this Court may deem just, proper and equitable.

Dated: Buffalo, New York
      March 2, 2015

Phillip Dabney, Jr., Esq.
Attorney for Plaintiff
37 Franklin Street  – Suite 1110
Buffalo, New York 14202
(716) 803-8217

## **VERIFICATION**

STATE OF NEW YORK }
COUNTY OF ERIE         } ss:


JOHN T. WILLET, being duly sworn, deposes and says that deponent is the plaintiff in the action; that deponent has read the foregoing VERIFIED COMPLAINT and knows the contents hereof; that the same is true to deponent's knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

 

 

_____
John T. Willet


Sworn to before me this

__3rd__ day of __March__, 2015.


_____
Notary Public