UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN T. WILLETT,

                           Plaintiff,

v.

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
JOHN CIRULLI, Individually and in his         Civ. No. 15-CV-330
former Official Capacity, P.O. NICHOLAS
MILITELLO, LT. JEFFREY RINALDO and
JOHN/JANE DOE OFFICERS,

                           Defendants.
_____


**DEFENDANT JOHN CIRULLI'S RESPONSE TO THE CITY DEFENDANTS'**

**OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**,

**DATED SEPTEMBER 28, 2016**

## I. PRELIMINARY STATEMENT

Defendants City of Buffalo, Buffalo Police Department, P.O. Nicholas Militello, Lt. Jeffrey Rinaldo and John/Jane Doe officers (collectively referred to as the "City Defendants") filed Objections to Magistrate Judge Michael Roemer's Report and Recommendation on September 28, 2016 (Dkt.#33). As relevant to Mr. Cirulli, the City Defendants object to the determinations that 1) collateral estoppel should not be applied to a state level determination having reference to scope of employment, and 2) a material question of fact prevents the Court from determining the scope of employment issue as a matter of law.

As described more fully below, each of these determinations by Magistrate Judge Roemer should be adopted by the District Court. Collateral estoppel should not be applied to the question of whether Mr. Cirulli was acting within the scope of employment as a police officer at that time of the underlying incident because an entirely distinct issue was decided by the state court, and there otherwise was no privity between Mr. Cirulli and the plaintiff who was not a participant to the state court proceeding. Moreover, summary judgment should not have been granted in favor of the City Defendants on the scope of employment issue as there is ample evidence in the record from which a jury could determine that Mr. Cirulli's actions were in fact performed within the scope of his duties as a Buffalo Police Officer.

## II. ARGUMENT

A)	The Magistrate Judge correctly determined that collateral estoppel should not be applied to preclude a determination of the scope of employment issue in this case.

The City Defendants assert two separate arguments in support of their objection to the finding of the Magistrate that collateral estoppel should not be applied in this case. Each argument is discussed in turn. First, the City Defendants assert that collateral estoppel should be applied because New York State Supreme Court Justice Donna M. Siwek found in a prior proceeding that Mr. Cirulli was acting outside the scope of his employment at the time of the incident forming the basis for the Complaint, despite the fact the state court proceeding was brought under CPLR Article 78 to review a determination of a public official. *See*, Objections To Report and Recommendation ["Objections"] (Dkt.#36) at 5-6. The City Defendants argue that this finding nonetheless demonstrates that there is the requisite identity of issue for the application of collateral estoppel.

This argument was correctly cast aside by Magistrate Judge Roemer. The burden of establishing that there is an identity of issue between two proceedings lies with the City Defendants. *See*, R&R at 9. Under controlling precedent,[1] "[l]anguage that is not necessary to resolve an issue, however, constitutes *dicta* and should not be accorded preclusive effect." *Pollicino v. Roemer & Featherstonhaugh* P.C., 277 A.D.2d 666, 668, 716 N.Y.S.2d 416, 417 (3rd Dept. 2000). *See also*, *McCord v. Agard*, 252 F.3d 113, 118 (2d Cir. 2001) ("the district court's finding cannot have collateral estoppel effect. The [finding] was pure *dicta;* it was not necessary to decide the issue. .

---

[1] As concluded by the Magistrate, New York Law applies to the collateral estoppel issue. *See*, R&R at 9.

. [a]s such, the finding . . . cannot have any collateral estoppel effect.").

Here, Justice Siwek was called upon in the earlier state proceeding to determine whether the City of Buffalo Corporation Counsel had acted in an arbitrary and capricious fashion when he rejected Mr. Cirulli's request to be defended and indemnified by the City in connection with this lawsuit. That determination did not require Justice Siwek to independently assess whether Mr. Cirulli was acting within the scope of his employment with the Buffalo Police Department during the period at issue. Although the portion of Justice Siwek's decision quoted by the City Defendants in their objections at 5 expresses an opinion on the scope of employment question, that portion of the decision was not necessary to the determination of the Article 78 proceeding. The opinion of Justice Siwek was thus *dicta,* which cannot form the basis for application of this collateral estoppel doctrine.

Referring to Justice Siwek's decision, the Magistrate Judge correctly found that the Court "came to this conclusion in deciding whether the City's refusal to indemnify Cirulli was arbitrary and capricious. This inquiry is quite distinct from the one in the instant action of whether the City is vicariously liable for a common law tort claim." (" R&R") at 10. As the City Defendants failed to demonstrate that there was an identity of issue between the two proceedings, the conclusion that collateral estoppel could not be applied was inescapable. This determination of the Magistrate Judge should be adopted by the District Court, and the objection by the City Defendants rejected.

The City Defendants secondly argue that collateral estoppel should be applied in this case because Plaintiff John T. Willet and Mr. Cirulli, a defendant in the case brought by Mr. Willet, were in privity. Objections at 6-7. In making this argument, the City Defendants assert that the Article 78 proceeding "turned on whether Cirulli was acting in the scope of his employment at the time of

his alleged wrongdoing." *Id.* at 7. However, as demonstrated above, this is not a correct characterization of the state court proceeding. The Article 78 proceeding instead turned on whether the City of Buffalo Corporation Counsel had acted arbitrarily and capriciously when making his decision to reject the request of Mr. Cirulli for defense and indemnification. The proceeding did not require a determination of whether Mr. Cirulli was, in fact, acting within the scope of his employment at the requisite time.

Magistrate Judge Roemer properly determined that "Cirulli did not represent Willet's interests in the Article 78 proceeding, as he brought the proceeding for the limited purpose of challenging the City's refusal to indemnify him." R&R at 10-11. Although the City Defendants object to this finding, and contend that the difference between what was determined in the Article 78 Proceeding and the scope of employment issue at bar is a "distinction without a difference" (Objections at 7), the above discussion and the remaining set forth in the R&R demonstrate that this distinction is immensely important in the collateral estoppel context.

For these reasons, the Magistrate correctly determined that collateral estoppel should not be applied to preclude a determination of the scope of employment issue in this case. This determination should be adopted by the District Court.

**B)     The Magistrate Judge correctly determined that there is a material question of fact which prevents the Court from determining the scope of employment issue as a matter of law.**

The City Defendants further object to the R&R, arguing that Magistrate Judge Roemer erroneously found that the scope of employment issue should be determined by a jury. According

to the City, there is no dispute that Mr. Cirulli struck Mr. Willet after he was handcuffed and subdued by the police. Continuing, counsel asserts without citation to any supporting authority that this conduct constituted a departure from normal methods of police work, that Mr. Cirulli's actions were wholly personal in nature, and that, as a consequence could not have been performed within the scope of his employment. Objections at 8-9.

This objection must also be rejected.  First, as acknowledged by the City Defendants, "this determination is ordinarily a question for the jury." *Id* at 8.  In addition, even assuming that Mr. Cirulli's actions were a departure from the normal methods of police work does not compel the conclusion that those actions were necessarily performed outside the scope of his employment.  As determined by the Magistrate Judge, "[t]he test to determine whether the defendants' actions fall within the scope of their employment is whether the act was done while the servant was doing his master's work no matter how irregularly, or with what disregard of instructions." *Cruz v. New York*, 24 F. Supp. 3d 299, 310 (W.D.N.Y. 2014) (internal quotation marks and citation omitted). R&R at 11.  The foregoing test is "heavily dependent on factual considerations" and "ordinarily [a question] for the jury." *Riviello*, 47 N.Y.2d at 303. *See, Id.*

The City Defendants' characterization of Mr. Cirulli's actions as "wholly personal in nature"[2] is a wholly conclusory statement which is contradicted by the record. Contray factual evidence maybe found in Mr. Cirulli's affidavit and Mr. Cirulli's plea agreement.  In his affidavit, Mr. Cirulli affirms that his actions that form the basis of Plaintiff's claims were all undertaken within the scope of his employment as a Buffalo Police Officer, and were intended to

---

[2] Objections To Report and Recommendation (Dkt.#36) at 9.

facilitate the arrest and detention of John T. Willet for violations of New York State law.  See, Affidavit of John Cirulli (Dkt. #24) at ¶6.  The factual basis for the plea includes an express acknowledgment that Mr. Cirulli was on duty working as a Buffalo Police Officer at the time of the incident: ("On April 14, 2014 . . . the defendant, an employee with the City of Buffalo Police Department was on duty and working as a City of Buffalo Police Officer") and recognizes that his actions were in furtherance of the arrest of the Plaintiff. *See,* Plea Agreement, dated May 29, 2014 (Dkt. #16, Ex. B) at ¶5.

      Moreover, the City Defendants' argument that Mr. Cirulli's actions of striking Mr. Willet after handcuffing and subduing him necessarily means that his actions were performed outside the scope of his employment is misinformed. An officer's duties regarding a detained subject do not end when handcuffs are placed on the subject. An officer is never free to leave a handcuffed suspect in the street. The officer's duties include ensuring the continued detention and the transport of the suspect for processing.  It was in fact during the detention phase of Mr. Willett that the offending conduct by Mr. Cirulli allegedly occurred.

      Lastly, the City Defendants' suggestion that Mr. Cirulli's guilty plea compels the conclusion that Mr. Cirulli was acting outside the scope of his employment must be also rejected. As determined by Magistrate Judge Roemer, "[i]t is certainly possible for an officer to have violated an individual's civil rights while acting within the scope of his employment. *Cruz*, 24 F. Supp. 3d at 310; *see also Almonte v. N.Y.C. Hous. Auth.*, No. 89 CIV. 7677(SWK), 1990 WL 113125 (S.D.N.Y.July 30, 1990)." R&R at 12.  As shown above, the plea itself provides ample factual evidence that Mr. Cirulli's actions were performed within the scope of his employment as it includes an express acknowledgment that Mr. Cirulli was on duty working as a Buffalo Police

Officer at the time of the incident, and recognizes that his actions were in furtherance of the arrest of the Plaintiff. *See,* Plea Agreement dated May 29, 2014 (Dkt. #16, Ex. D) at ¶5.

### III. CONCLUSION

For all of the above reasons, the City Defendants' objections to the R&R should be rejected and the recommendation of Magistrate Judge Roemer to deny portions of the City Defendants' motion for summary judgment should be adopted by the District Court in its entirety.

Dated: Buffalo, New York
October 12, 2016.

       **/S/ Scott R. Hapeman**
       Scott R. Hapeman, Esq.
       Rodney O. Personius, Esq.
       PERSONIUS MELBER LLP
       *Attorneys for Defendant*
        JOHN CIRULLI
       2100 Main Place Tower
       Buffalo, NY  14202
       (716)  855-1050
       srh@personiusmelber.com
       rop@personiusmelber.com

TO:    David M. Lee, Esq.
       Assistant Corporation Counsel
       65 Niagara Square
       1104 City Hall
       65 Niagara Square
       Buffalo, New York 14202
       (716) 851-4105
       dlee@city-buffalo.com

       Phillip Dabney, Jr. Esq.
       Law Offices of Phillip Dabney, Jr. Esq.
       Attorney for Plaintiff
       37 Franklin Street, Suite 1110

Buffalo, New York 14202
(716) 803-8217
dabneyesq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2016, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>David M. Lee, Esq.
>Assistant Corporation Counsel
>65 Niagara Square
>1104 City Hall
>65 Niagara Square
>Buffalo, New York 14202
>(716) 851-4105
>dlee@city-buffalo.com
>
>Phillip Dabney, Jr. Esq.
>Law Offices of Phillip Dabney, Jr. Esq.
>Attorney for Plaintiff
>37 Franklin Street, Suite 1110
>Buffalo, New York 14202
>(716) 803-8217
>dabneyesq@gmail.com

>**/S/ Scott R. Hapeman**
>Scott R. Hapeman, Esq.
>PERSONIUS MELBER LLP
>*Attorneys for Defendant*
>  JOHN CIRULLI
>2100 Main Place Tower
>Buffalo, NY  14202
>(716)  855-1050
>srh@personiusmelber.com