UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN T. WILLET,                               15-CV-330-RJA-MJR
                                              DECISION AND ORDER
                    Plaintiff,

        -v-

CITY OF BUFFALO, *et al.*,

                    Defendants.
_____

        This case has been referred to the undersigned by the Hon. Richard J. Arcara for

all pre-trial matters, including preparation of a report and recommendation on dispositive

motions.  (Dkt. No. 14).  Before the Court is defendant John Cirulli's combined motion to

extend the dispositive motion deadline and for summary judgment dismissing plaintiff

John Willet's fifth and seventh causes of action.  (Dkt. No. 34).  For the following

reasons, Cirulli's request for an extension of the dispositive motion deadline is denied.

Given this ruling, the Court will not issue a report and recommendation as to the

summary judgment portion of Cirulli's motion.

## BACKGROUND

        Plaintiff John Willet commenced this civil rights action against the City of Buffalo,

the Buffalo Police Department, Officer Nicholas Militello, Lieutenant Jeffrey Rinaldo,

John/Jane Doe Officers (collectively, the "City Defendants"), and former Officer John

Cirulli in 2015.  (Dkt. No. 1).  The complaint arises out of Willet's arrest in the City of

Buffalo in 2014.   Willet alleges, among other claims, that Cirulli assaulted him during

the arrest and that Militello and Rinaldo failed to intervene to stop the alleged assault.

Following a scheduling conference held on June 24, 2015, Magistrate Judge McCarthy,

to whom this case was initially assigned, entered a case management order requiring the parties to file any pretrial dispositive motions on or before April 22, 2016. (Dkt. No. 10 ¶10). The case management order includes the following cautionary language regarding requests for extensions of its deadlines:

> **No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party." <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2d Cir. 2000).**

(*Id.* at 3).

In compliance with the case management order, on April 22, 2016, the City Defendants moved for summary judgment dismissing Willet's complaint in its entirety. (Dkt. No. 16). Cirulli did not move for summary judgment. He did, however, submit papers opposing the City Defendants' motion to the extent the motion argues that he acted outside the scope of his employment during the alleged assault. (Dkt. Nos. 18, 23, 24, 31). Cirulli's opposition papers also seek to "join" the City Defendants' request for dismissal of Willet's fifth (deliberate indifference) and seventh (negligent infliction of emotional distress) causes of action. (Dkt. No. 31 ¶¶3-4).

On September 16, 2016, the Court issued a Report and Recommendation recommending, *inter alia*, that Willet's fifth and seventh causes of action be dismissed as against the City Defendants. (Dkt. No. 33 at 14-17). The Court did not recommend that either claim be dismissed as against Cirulli because Cirulli did not file his own motion for summary judgment and his attempt to "join" the City Defendants' motion was

procedurally improper.   (*Id.* at 5 n.4).   Cirulli did not object to the Report and Recommendation.[1]

On September 21, 2016 — five months after the dispositive motion deadline — Cirulli filed the instant motion for summary judgment seeking dismissal of Willet's fifth and seventh causes of action.   (Dkt. No. 34).   Cirulli argues that the Report and Recommendation's recommended dismissal of these two claims as against the City Defendants is "law of the case" and compels dismissal of the claims against him as well. (*Id.* ¶¶12-16).   Recognizing that his summary judgment motion is untimely, Cirulli also asks the Court to extend the dispositive motion deadline on the ground that consideration of his motion will purportedly "narrow the issues for trial, and conserve the limited resources of both the Court and the parties."   (*Id.* ¶18).   The Court set a briefing schedule on Cirulli's motion, but Willet did not file any response papers.

## DISCUSSION

Fed. R. Civ. P. ("Rule") 16 requires the Court to enter a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions.  Rule 16(b)(1), (3).  A scheduling order "may be modified only for good cause and with the judge's consent."  Rule 16(b)(4).  "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  "In other words, to demonstrate 'good cause' a party must show that despite [his] diligence the time table [in the scheduling order] could not have reasonably been met." *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446

---

[1]   The City Defendants objected to certain aspects of the Report and Recommendation (Dkt. No. 36), and those objections remain pending before Judge Arcara.

(W.D.N.Y. 1997) (Arcara, D.J., Foschio, M.J.) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

Cirulli has fallen well short of the good cause requirement.  His only argument in support of extending the dispositive motion deadline is that his summary judgment motion will narrow the issues for trial and conserve the resources of the parties and the Court.  He offers no proof that he could not have met the dispositive motion deadline despite his diligence.  It appears, rather, that Cirulli made a strategic decision not to move for summary judgment in advance of the dispositive motion deadline, opting instead to wait until the Court issued its Report and Recommendation on the City Defendants' motion.  Cirulli's strategic decision not to file his motion in advance of the dispositive motion deadline is not good cause for an extension.  *Carpenter v. Churchville Greene Homeowner's Ass'n*, No. 09-CV-6552T, 2011 WL 4711961, at *5 (W.D.N.Y. Sept. 29, 2011) (strategic decision to forego filing of motion in advance of deadline is not good cause for an extension), *report and recommendation adopted*, 2011 WL 6012539 (W.D.N.Y. Dec. 1, 2011); *Bruce v. Cnty. of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, at *3-4 (N.D.N.Y. Oct. 20, 2003) (same).  Although not the case here, extending case management order deadlines absent good cause may lead to gamesmanship and the disregard of those deadlines.

Willet's failure to oppose the instant motion also does not warrant granting Cirulli's extension request.  *Desir v. Austin*, No. 13-CV-00912(DLI)(VMS), 2015 WL 4546625, at *3 (E.D.N.Y. July 28, 2015) ("While [the other parties] have yet to object to the requested extension, even their consent would not justify modification of the scheduling order in the absence of a demonstration of good cause . . . .").  Further, even

assuming Willet is not prejudiced by Cirulli's belated request for summary judgment, lack of prejudice, by itself, is not good cause for an extension.  *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252-53 (W.D.N.Y. 2012); *Carnrite*, 175 F.R.D. at 446.  Cirulli's contention that his summary judgment motion is meritorious likewise does not satisfy the good cause requirement.  *Stover v. Northland Grp., Inc.*, No. 05-CV-0476E(Sr), 2007 WL 1360603, at *3 (W.D.N.Y. May 8, 2007) ("[C]onsiderations such as lack of prejudice to the plaintiff or the purported merits of the summary judgment motion need not be weighed and will not be viewed as substitutes for the failure to demonstrate due diligence herein.").  For good cause to exist, the moving party must show that despite his diligence, he could not meet the relevant case management order deadline.  Cirulli has not made this required showing, and his motion must therefore be denied.

## CONCLUSION

"The Second Circuit has *repeatedly stated* that a finding of good cause depends on the diligence of the moving party."  *Shemendera*, 288 F.R.D. at 252 (emphasis added) (internal quotation marks and citation omitted).  The Court is not at liberty to ignore this binding precedent even if, as Cirulli argues, his summary judgment motion might conserve the resources of the parties and the Court.  *Carnrite*, 175 F.R.D. at 448 ("Strict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine.  But if the courts do not take seriously their own scheduling orders who will?  This court cannot in good conscience ignore the clear authority applying the good cause requirement, particularly in a case, as here, where the party requesting relief offers no even facially persuasive reason to do so.").  Accordingly, Cirulli's motion to extend the dispositive motion deadline (Dkt. No. 34) is

denied.  Given this ruling, the Court will not issue a report and recommendation as to Cirulli's request for summary judgment.

**SO ORDERED.**

Dated:      October 31, 2016
            Buffalo, New York

/s/ Michael J. Roemer
MICHAEL J. ROEMER
United States Magistrate Judge