**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JOHN T. WILLET,

                    Plaintiff,

          v.                                            15-CV-330-A
                                                    **DECISION AND ORDER**

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
JOHN CIRULLI, Individually and in his
former Official Capacity, P.O. NICHOLAS
MILITELLO, LT. JEFFREY RINALDO and
JOHN/JANE DOE OFFICERS,

                    Defendants.

      On December 2, 2016, the Court ordered the Plaintiff to respond, on or before December 16, 2016, to the Defendants' objections to Magistrate Judge Roemer's Report and Recommendation (Dkt. No. 39). The Court further advised the Plaintiff that his failure to comply with the Court's order may result in dismissal pursuant to Local Rule of Civil Procedure 41(b). Specifically, the Court noted, "the record in this case shows a pattern of inactivity by the Plaintiff, as well as a repeated failure to comply with Court orders." For instance, the City Defendants claim that the Plaintiff failed to take any discovery in this case and that he likewise failed to provide the Defendants with initial disclosures.

      Further, the Plaintiff failed to timely oppose the City Defendants' motion for summary judgment. Instead, as Judge Roemer noted, the Plaintiff "fil[ed] opposition papers only after the Court entered an order to show cause cautioning that the case

may be dismissed for failure to prosecute." Dkt. No. 33 at 6 n.6. And even then, the Plaintiff filed opposition papers only after making an untimely request for an extension of time to do so. Finally, the Plaintiff failed to appear for oral argument before Judge Roemer on the City Defendants' motion for summary judgment. *Id.* at 5. Consistent with his conduct before Judge Roemer, the Plaintiff has failed to comply with the Court's order directing him to file an opposition to the City Defendants' objections.

Federal Rule of Civil Procedure 41(b), on which Local Civil Rule 41(b) is modeled, allows a district court to dismiss a case "[i]f the plaintiff fails to prosecute or comply with [the Rules of Civil Procedure] or a court order." Courts consider a number of factors when deciding whether to dismiss a case for failure to prosecute under Rule 41(b). Those factors include whether:

(1) the plaintiff's failure to prosecute caused a delay of significant duration;

(2) plaintiff was given notice that further delay would result in dismissal;

(3) defendant was likely to be prejudiced by further delay;

(4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and

(5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). After carefully considering each of these factors, the Court finds that dismissal is warranted.

The first factor "is not relevant where, as here, [the plaintiff] failed to comply with [multiple] court orders and otherwise demonstrated a lack of respect for the court." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993).

The second factor supports dismissal: the Court warned the Plaintiff that failure

to respond to the City Defendants' objections may result in dismissal (Dkt. No. 39), as did Judge Roemer's Order to Show Cause. Dkt. No. 19. Despite those warnings, the Plaintiff's pattern of inattention to this case nonetheless continued.

The third factor is neutral. Because witnesses' memories fade with time, the Defendants would likely be at least marginally prejudiced by the delay that ensues each time the Plaintiff fails to comply with a Court order. At the same time, however, the Defendants obviously benefit from appearing before the Court without having to rebut the Plaintiff's arguments.

The fourth factor tips heavily in the Defendants' favor. This matter has not been scheduled for trial, nor has it been scheduled for oral argument before this Court. It has, however, needlessly wasted judicial resources. Judge Roemer, as noted, held oral argument on the City Defendants' motion for summary judgment; the Plaintiff, however, did not attend. Moreover, Judge Roemer prepared a thorough Report and Recommendation which recommends granting in part and denying in part the City Defendants' motion for summary judgment. The Plaintiff, however, has not bothered to oppose the City Defendants' objections. This conduct, together with the Plaintiff's failure to take discovery, strongly suggests that he no longer wishes to have his day in court, despite the Court making every effort to accommodate the Plaintiff, and despite the not-insignificant expenditure of judicial resources in doing so. Put differently, "[b]ecause [the Plaintiff] has made no effort to comply with the Court's directives or to prosecute his action, it would be unfair to the numerous other litigants who await the attention of this Court to permit [the Plaintiff's] suit to remain on the docket." *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004). The fourth factor therefore

weighs heavily in the Defendants' favor.

Finally, the Court recognizes that dismissal is a harsh sanction, but it appears that no lesser sanction would be effective.  A lesser sanction, such as a fine or payment of attorneys' fees, might compensate the Defendants for the cost they have incurred in defending a lawsuit that the Plaintiff appears to not want to pursue.  But given the Plaintiff's consistent inattention to this case, a lesser sanction would ultimately accomplish very little.

Instead, a sanction short of dismissal would only needlessly expend the Defendants' and the Court's time, as well as the Defendants' money.  If the Court adopted Judge Roemer's Report and Recommendation in its entirety, this case would be ready for trial on a number of claims.  But given the Plaintiff's failure to take any discovery, as well as his failure to respond to a number of Court orders, the Court has no confidence that a trial would actually go forward without significant hand-holding or that, if a trial did go forward, the Defendants would not ultimately be entitled to a directed verdict.  Under these circumstances, it would be unjust to require the Defendants to continue to pay to defend this case–particularly at trial–when the Plaintiff has consistently disregarded opportunities to move forward with his claims.

This, after carefully considering the factors discussed above, and after reviewing the record as a whole, the Court sets aside the Report and Recommendation.  The Court instead dismisses this case for failure to prosecute.  The Clerk of the Court shall take all steps necessary to close this case.

IT IS SO ORDERED.

                                                    *s/Richard J. Arcara*
                                        HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT COURT

Dated: January 23, 2017